**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 21-13524 (GC) <br><br> **MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court on Plaintiff Joseph P.'s ("Plaintiff")[1] appeal from the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her request for disability insurance benefits. (*See generally* Compl., ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.       BACKGROUND**

In this appeal, the Court must determine whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

A.     **Procedural History**[2]

On May 6, 2019, Plaintiff filed an application for Title II Disability Insurance Benefits, alleging disability beginning December 20, 2018. (AR 96-97, 109, 124, 183.) Plaintiff's claim was initially denied on August 23, 2019 (*id.* at 96-106, 124, 146), and upon reconsideration on November 7, 2019 (*id.* at 108-119, 124). Thereafter, Plaintiff testified at a hearing before the ALJ on October 28, 2020. (*Id.* at 14-38.) After this hearing, on December 2, 2020, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled. (*Id.* at 124-34.) On May 7, 2021, the Social Security Administration's Appeals Council denied a request for review, making the ALJ decision the final agency decision.[3] (*Id.* at 1-6.) This action followed. (*See generally* Compl.) On January 18, 2022, Plaintiff submitted his moving brief in this action. (*See generally* Pl.'s Moving Br., ECF No. 11.) The Commissioner opposed (ECF No. 12), and Plaintiff replied (ECF No. 13).

B.     **The ALJ's Decision**

In the ALJ's December 2, 2020 written decision, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2022, and concluded that Plaintiff was not disabled under the prevailing Social Security Administration regulations. (*See generally* AR 124-34.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 125-26.) At step one, the ALJ found that Plaintiff did not "engage[] in substantial gainful activity" during the relevant period. (*Id.* at 126.) At step two, the ALJ determined that Plaintiff suffered from some severe

---

[2] The Administrative Record ("AR") is located at ECF Nos. 5 through 5-7. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

[3] Any reference to "Agency" throughout refers to the Social Security Administration.

impairments, including: cervical and lumbar degenerative disc disease status-post fusion; benign paroxysmal vertigo; and obesity. (*Id.*) But the ALJ found that none of Plaintiff's severe impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1. (*Id.* at 127-28.) The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except he could do (or not do) the following: "climb ramps, stairs, ladders, ropes, and scaffolds occasionally; balance, stoop, kneel, crouch, and crawl occasionally; never work at unprotected heights or with moving mechanical parts; never tolerate exposure to vibration; and tolerate exposure to dust, odors, fumes and pulmonary irritants occasionally." (*Id.* at 128.) At step four, the ALJ determined that Plaintiff was able to perform his past relevant work as a procurement clerk. (*Id.* at 132.) The ALJ, consequently, found that Plaintiff was not under a disability from the date of the disability's onset through the date of her decision. (*Id.* at 132-33.)

This appeal concerns the ALJ's RFC determination. After outlining Plaintiff's self-reported symptoms, the ALJ zeroed in on the limitations afforded by them based on the record. As to certain symptoms, such as the throbbing and burning sensation that Plaintiff testified he experienced in his neck with radiation into his left arm, the ALJ found these symptoms to be "not entirely consistent with the medical evidence and other evidence in the record" because the "treatment records do not contain the type of significant clinical or laboratory abnormalities that would suggest that his impairments are disabling." (*Id.* at 128-29.) The ALJ went on to specifically detail Plaintiff's history of cervical and lumbar degenerative disc disease. The ALJ noted that from 2018 to 2020, Plaintiff generally had an upward trajectory of reduction in pain symptoms in his cervical spine and improvement in his upper extremity range of motion, as well as improvements to his gait, citing to Plaintiff's self-reported symptoms and pain scale as well as his orthopedic and other treatment records. (*See id.* at 129.) The ALJ also noted Plaintiff's diagnosis of benign

paroxysmal vertigo and obesity and found that the exertional and environmental limitations in the RFC account for them. (*Id.* at 130.)

The ALJ also discussed Plaintiff's visits with medical consultants and doctors. The ALJ found persuasive the conclusion of agency mental consultants that Plaintiff does not have any limitations due to a mental impairment, as Plaintiff is neither involved in any mental health treatment, nor does Plaintiff indicate his mental health affects his ability to function. (*Id.* at 130-31.) Similarly, the ALJ found persuasive the opinions of the agency medical consultants showing that Plaintiff has some loss of strength in his extremities and motion difficulties, although the ALJ found Plaintiff still capable of sedentary work. (*Id.* at 131.) Next, the ALJ found persuasive the opinion of Plaintiff's treating orthopedist, Dr. Justin Kubeck ("Dr. Kubeck"), that, for example, Plaintiff is limited to lifting/carrying up to ten pounds and should never be exposed to certain environments like unprotected heights; yet the ALJ rejected other findings by Dr. Kubeck, such as his opinion that Plaintiff is unable to sit, stand, or walk. (*Id.*) Similarly, the ALJ found some parts of the opinion of Plaintiff's physician Dr. Dharam Mann ("Dr. Mann") persuasive—such as claimant's ability to stand/walk about two hours in an eight-hour workday—as these were "supported by and consistent with the overall record." (*Id.*) The ALJ, however, found the remainder of Dr. Mann's opinion not persuasive—in particular, the sitting limitations seemed "inconsistent with the overall record, including the opinions of the [Disability Determination Services] medical consultants." (*Id.*) The ALJ further considered opinions by Dr. Darshana Amin and agency mental consultant Howard Atkins. (*Id.*)

Overall, the objective findings, including the above testimony and records as well as additional facts such that Plaintiff has generally received only limited medical treatment (i.e., he has not been hospitalized for his impairments since his alleged onset date), and that Plaintiff

4

engages in a reasonably broad range of daily living activities, convinced the ALJ that Plaintiff was not disabled. (*Id.* at 132.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

5

B.   **Establishing Disability**

To be eligible for disability insurance benefits, claimants must be unable to "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520. For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 404.1520(b). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(c). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed impairment, they are presumed to be disabled and entitled to disability insurance benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permit them to resume

previous employment. 20 C.F.R. § 404.1520(e). If claimants' RFC permits previous employment, claimants are not "disabled" and not entitled to disability insurance benefits. *Id.* § 404.1520(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Id.* § 404.1520(g). If the Commissioner cannot satisfy this burden, claimants will receive disability insurance benefits. *Id.*

### III.   DISCUSSION

Plaintiff appeals the ALJ's written decision and raises only one main argument: that the ALJ erred in her RFC determination, which Plaintiff alleges is unsupported by substantial evidence because the ALJ failed to properly evaluate the opinions provided by Drs. Kubeck and Mann. (*See* Pl.'s Moving Br. 9.) Plaintiff contends that properly considering these opinions would result in a finding that Plaintiff is disabled. (*Id.* at 19.) The Court considers the ALJ's evaluations of these medical opinions in turn.

#### A.   The ALJ Properly Evaluated the Opinion of Dr. Kubeck.

Utilizing a check-box form, Dr. Kubeck made several observations in October 2019 about the limitations and abilities of Plaintiff. For example, Dr. Kubeck opined that Plaintiff could sit for two hours at a time, stand for one hour, and walk for thirty minutes at a time, as well as engage in other activities, such as occasionally climbing stairs and using foot controls. (AR 385-87.) On the flip side, Dr. Kubeck opined that Plaintiff could not engage in certain activities, such as climbing ladders or scaffolds, kneeling, or crawling. (*Id.* at 387.) Dr. Kubeck stated that since Plaintiff was retired, he did not consider the amount of time for each activity during an eight-hour period. (*Id.* at 385.) Dr. Kubeck also provided a letter dated September 14, 2020, further detailing Plaintiff's limitations. (*Id.* at 450.) Dr. Kubeck stated that "as per functional capacity examination it was

7

determined that there is a 76 percent disability with regards to [Plaintiff's] spine and therefore [he] is unable to work." (*Id.*) Dr. Kubeck reported that Plaintiff has been advised to avoid sitting for prolonged periods and to limit driving to local areas and that Plaintiff should avoid heavy lifting. (*Id.*)

Plaintiff contends that the ALJ erred by discounting the portion of Dr. Kubeck's opinion regarding Plaintiff's ability to sit, stand, or walk; reach overhead; operate foot controls; climb ladders or scaffolds; kneel or crawl; and be exposed to pulmonary irritants and vibration. (Pl.'s Moving Br. 12 (citing AR 131).) Plaintiff takes issue with the fact that the ALJ discounted these parts of the opinion due to their inconsistency with the overall record and Plaintiff's activities of daily living, as well as due to the check-box format of the opinion. (*Id.* at 13.) Specifically, Plaintiff argues that Dr. Kubeck did provide an explanation for her opinion in addition to checking boxes on the form, and, thus, the ALJ was wrong to cite the check-box format as a basis for devaluing Dr. Kubeck's opinion. (*Id.* at 13-15.) Further, Plaintiff contends that the ALJ failed to articulate or cite what specific evidence she was referring to that was inconsistent, in addition to failing to address other aspects of Dr. Kubeck's opinion, such as supportability (explained below). (*Id.*)

Revised regulations, found at 20 C.F.R. § 404.1520c, significantly alter how the Social Security Administration considers medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). The revised regulations have eliminated deference to the claimant's treating doctor and explain that ALJs will not assign specific evidentiary weight to any medical opinion. 82 Fed. Reg. at 5853; 20 C.F.R. § 404.1520c(a). Specifically, for claims filed on March 27, 2017 or later, as is the case here, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior

8

administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ will evaluate the persuasiveness of a medical opinion based on the opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). ALJs "may, but are not required to" explain how they considered other regulatory factors. 20 C.F.R. § 404.1520c(b)(2).

Here, the Court finds that the ALJ evaluated Dr. Kubeck's opinion in accordance with the revised regulations and provided reasons that sufficiently address the required regulatory factors. (*See* AR 129-32.) The ALJ, citing to Dr. Kubeck's medical opinion of Plaintiff (*id.* at 384), explained that she found Dr. Kubeck's listing of environmental limitations, including that Plaintiff never be exposed to unprotected heights, persuasive because it was "consistent with the overall record." (*Id.* at 131.) The ALJ then explained that Dr. Kubeck's listing of remaining limitations was not persuasive because it was inconsistent with the treatment record, which "indicates that [Plaintiff] is fairly functional and is able to complete his [activities of daily living]." (*Id.*) In making these points, the ALJ sufficiently addressed the consistency factor—especially when considering the ALJ's previous citations to the objective record. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (explaining that ALJ opinions may be "read as a whole" to determine whether the ALJ considered the appropriate factors). The ALJ further stated that Dr. Kubeck's opinion was supported by "brief check-box type answers" that did not "sufficiently cite to specific clinical and diagnostic findings to support the opinion." (AR 131.); *See* 20 C.F.R. § 1520c(c)(2) (explaining that supportability involves how relevant the supporting explanations are, with the more relevant being the more persuasive). In making this latter point, the ALJ addressed supportability—again, earlier in the opinion, the ALJ addressed Plaintiff's treatment regimen, response to treatment, and objective findings, including that Plaintiff's nerve conduction testing was normal. (AR 129-30.) And contrary to Plaintiff's assertion, the ALJ did not equate Plaintiff's activities of daily living

9

with his ability to perform full-time work, but rather, considered them when evaluating the consistency of Dr. Kubeck's opinion and others. (*See* Pl.'s Moving Br. 16-17; AR 130-31.) Thus, the Court finds that the ALJ properly evaluated Dr. Kubeck's opinion.

### B. The ALJ Properly Evaluated the Opinion of Dr. Mann.

Dr. Mann opined that Plaintiff is limited to sitting and standing for twenty minutes at a time, sitting for two hours during a workday, and standing or walking for two hours during a workday. (AR 401.) He "checked off" on the medical form that Plaintiff would likely be off-task twenty-five percent of the day or more and stated that Plaintiff was unable to work due to pain. (*Id.* at 401-02.)

While Plaintiff "concedes that the decision of disability" is one reserved for the Commissioner, as the ALJ noted, Plaintiff contends that the ALJ erred by discounting other portions of Dr. Mann's opinion. (Pl.'s Moving Br. 17.) Again, Plaintiff takes issue with the fact that the ALJ found Dr. Mann's opinion to be inconsistent with the "record as a whole," yet failed to conduct more than "a barebones analysis." (*Id.* at 18.)

Once more, and for similar reasons to those explained above, the Court disagrees with Plaintiff. The new regulations reflect a "reasonable articulation standard" that "does not require written analysis about how [the ALJ] considered each piece of evidence[;]" rather, the decision need only "allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning." 82 Fed. Reg. 5844-01, at 5858. *Accord Jones*, 364 F.3d at 505 (explaining that an ALJ need only sufficiently explain her findings to permit meaningful review, without using particular language or adhering to a particular format). Here, the ALJ clearly identified and discussed evidence that was inconsistent with Dr. Mann's opinion. (*See* AR 129-30.) For example, the ALJ discussed how, at one point, Plaintiff reported forty-percent pain relief with treatment, and another time, "excellent reduction in symptoms" in his cervical spine; the ALJ further noted how, based on the record,

10

Plaintiff's gaining of motor strength and other abilities occurred on a generally upward trajectory, with some setbacks in the process that seemed to be alleviated by medication, injections, and other forms of treatment. (*See id.* at 129-30, 307, 322-23, 332-33, 326-27, 336, 340, 369-70.) Further, state agency experts, after a review of the record, found that Plaintiff could sit for six hours in an eight-hour workday and had no significant mental limitations. (*Id.* at 101-05, 116-17, 130-31.) As a result, the ALJ reasonably found that Dr. Mann's sitting and off-task limitations were not fully consistent with the overall record and, specifically, with state agency opinions. (*See id.* at 131.) Thus, the Court finds that the ALJ properly evaluated Dr. Mann's opinion.

In sum, based on its review of the ALJ's decision and its analysis of the specific records, the Court finds that substantial evidence supports the ALJ's findings as to the opinions of Drs. Kubeck and Mann. In any event, the Court is not convinced that greater articulation by the ALJ on her reasoning as to these medical opinions would have changed the outcome of the ALJ's decision. *See Gonzalez v. Comm'r of Soc. Sec.*, No. 14-810, 2016 WL 1306012, at *5 (D.N.J. Apr. 4, 2016) ("[W]here a plaintiff alleges error by the ALJ, 'the burden of showing harmfulness is normally on the party attacking the agency's determination.'") (internal citation omitted). The Court, accordingly, affirms the ALJ's decision.

IV.  **CONCLUSION**

For the foregoing reasons, the Court affirms the Commissioner's decision. An Order consistent with this Memorandum Opinion will be entered.

*[signature]*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE